UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DOUGLAS WAYNE LEWIS, JR.,

    Petitioner,

v.                                       Case No.  3:15cv512/RV/CJK

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 1).  Respondent moves to dismiss the petition as an unauthorized second or successive habeas corpus application.  (Doc. 15).  Petitioner has not responded, although invited to do so.  (*See* Docs. 17, 19).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the court show that the petition is an unauthorized "second or

successive" habeas corpus application under 28 U.S.C. § 2244(b)(3)(A); that petitioner failed to obtain the requisite authorization before filing this petition; and that this case should be dismissed for lack of jurisdiction.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner is an inmate of the Florida penal system currently confined at Century Correctional Institution in Century, Florida. Petitioner is challenging his 2007 judgment of conviction for conspiracy to traffic in cocaine entered in Escambia County Circuit Court Case Number 06-CF-4535. (Doc. 1). Petitioner raises seven claims of ineffective assistance of counsel. (*Id*., pp. 5-25).

Petitioner admits on the petition form that he previously challenged his 2007 criminal judgment in a § 2254 habeas corpus petition filed in this court. (Doc. 1, p. 12). This court's records, and respondent's exhibits attached to her motion to dismiss, confirm this fact. Petitioner filed his first § 2254 petition challenging the 2007 judgment on March 14, 2013. (*See Lewis v. Secretary, Department of Corrections*, Case No. 3:13cv119/MCR/EMT, Doc. 1) (copy provided at Doc. 15, Ex. G). The petition was dismissed with prejudice as untimely. (*See* Case No. 3:13cv119, Docs. 23, 30, 31) (copies provided at Doc. 15, Exs. H, I). The Eleventh Circuit denied a certificate of appealability on April 22, 2015. (*See* Case No. 3:13cv119, Doc. 44) (copy provided at Doc. 15, Ex. J). Thereafter, petitioner filed

in state court a motion for entry of a corrected judgment, asserting that his judgment failed to meet the statutory requirements of Fla. Stat. § 921.241, because his social security number was not affixed to the judgment. (Doc. 15, Ex. K). The state court granted the motion on November 12, 2014, as follows:

> It is true that the statute requires a defendant's social security number to be affixed to a written judgment. It appears that subsection (4) of the applicable law was added in 1996; however, the space for the social security number was never made a part of the standard judgment form found at Rule 3.986, Florida Rules of Criminal Procedure. However, the Court finds that the omission can be rectified by an entry of a corrected judgment and sentence which includes the appropriate information. Because such a correction is ministerial in nature,FN2 the Court finds no cause to have Defendant returned to Court for further proceedings.
>
>> FN 2  The imposition of a sentence is a crucial stage at which the defendant is entitled to be present. An exception is made in resentencing cases where all that is required on remand is a ministerial act of sentence correction. <u>Doughtery v. State</u>, 785 So. 2d 1221, 1223 (Fla. 4th DCA).
>
> Accordingly, it is **HEREBY ORDERED and ADJUDGED** that Defendant's "Motion for Entry of Corrected Judgment" is **GRANTED**. The Clerk is **DIRECTED** to correct Defendant's judgment to include his social security number: [redacted]. All other aspects of his judgment and sentence documents shall remain unchanged.

(Doc. 15, Ex. L). A corrected judgment was entered November 14, 2014. (Ex. M).

The present federal habeas petition followed.

## DISCUSSION

Title 28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2015) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court. *Burton v. Stewart*, 549 U.S. 147, 152, 157, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (holding that the district court lacked jurisdiction to entertain the petitioner's second § 2254 habeas petition contesting the same custody imposed by the same judgment of a state court, because the prisoner failed to obtain an order from the court of appeals authorizing him to file the petition); *Fugate v. Dep't of Corr.,* 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

In *Magwood v. Patterson*, 561 U.S. 320, 332-33, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010), the Supreme Court held that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." The Court ruled that "where

. . . there is a new judgment intervening between two habeas petitions, an application challenging the resulting new judgment is not second or successive." *Id*. at 341. "[T]he existence of a new judgment is dispositive." *Id*. at 338; *see also Insignares v. Secretary, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014) (emphasizing that "courts must look to the *judgment* challenged to determine whether a petition is second or successive." (emphasis in original)).  The Eleventh Circuit previously explained, in the context of applying AEDPA's one-year statute of limitations, that "the judgment to which AEDPA refers is the underlying conviction and most recent sentence that authorizes the petitioner's current detention." *Ferreira v. Secretary, Dep't of Corr.*, 494 F.3d 1286, 1292 (11th Cir. 2007).  Not all post-judgment changes or corrections to a judgment result in a "new judgment".

      Here, the state court's correction to the judgment involved merely adding petitioner's social security number to the paper judgment.  Petitioner's social security number is in no way a part of his sentence, but simply a means of identification.  The addition of petitioner's social security number had no effect on his underlying conviction or sentence, and did not result in a "new judgment" for purposes of § 2244(b).  *See, e.g., Marmolejos v. United States*, 789 F.3d 66, 70-71 (2d Cir. 2015) (holding that amendment of judgment of conviction to correct typographical error in the spelling of defendant's name and another minor clerical

error did not constitute a "new judgment" for purpose of the AEDPA, and thus, defendant's second motion to vacate under 28 U.S.C. § 2255, which was filed after the amended judgment, was a second or successive motion which required authorization from the court of appeals before consideration by the district court); *Knight v. Crews*, No. 4:12cv328/LAC/CAS, 2014 WL 752334 (N.D. Fla. Feb. 25, 2014) (collecting cases from this court; concluding that § 2254 petition filed after amendment of the judgment was barred as a second or successive application; although the state trial court amended the judgment to reflect that petitioner was found guilty by a jury, rather than having entered a plea of guilty, petitioner was not resentenced and the amended judgment expressly did not affect any other conditions of the judgment); *Bishop v. Sec'y, Fla. Dep't of Corr.*, No. 3:13cv118/MCR/EMT, 2013 WL 5596776 (N.D. Fla. Oct. 11, 2013) (dismissing § 2254 petition as impermissible second or successive habeas corpus application where the state court corrected the judgment and re-recorded it to correct a scrivener's error listing the offense level as "F1 PBL" ( first degree felony punishable by life) instead of simply "F1" (first degree felony); concluding that re-recorded judgment was not a "new judgment" under *Magwood*, because petitioner's conviction and sentence were not changed, nor was he resentenced).

The present petition is a "second or successive" habeas corpus application within the meaning of § 2244(b).  Because petitioner did not first obtain the Eleventh Circuit's permission to file a second or successive habeas corpus petition, this court lacks subject-matter jurisdiction to consider the petition.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted).  Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

issue." Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That respondent's motion to dismiss (doc. 15) be GRANTED.

2.  That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgment of conviction and sentence in *State of Florida v. Douglas Wayne Lewis, Jr.*, in the Circuit Court for Escambia County, Florida, Case No. 06-CF-4535, be DISMISSED for lack of jurisdiction, as an unauthorized second or successive habeas corpus application.

3.  That the clerk be directed to close the file and to send petitioner the Eleventh Circuit's form application for leave to file a second or successive petition.

4.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 28th day of November, 2016.

*/s/* **Charles J. Kahn, Jr.**
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

      Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.